[No. 18342.   Department Two.—September 5, 1895.]

## S. S. BRADFORD, RESPONDENT, *v.* F. H. WOODWORTH, APPELLANT.

APPEAL—REVIEW OF CONFLICTING EVIDENCE.—Where the evidence is conflicting, the appellate court will not disturb a finding upon the ground that it is not supported by the preponderance of the evidence.

SALES—AGENCY—PERSONAL LIABILITY OF AGENT.—Where lumber was sold to the defendant to be used in the construction of a quartz-mill on a mine in charge of the defendant, who was the president and acting agent of a mining company, and the plaintiff dealt and contracted with the defendant as the owner of the mine, and as the principal in the transaction, in ignorance that the mining company was the owner of the mine, or that the lumber was to be used for the benefit of the mining company, the defendant is personally liable for the value of the lumber sold.

ID.—EVIDENCE—MINUTE-BOOK OF CORPORATION—REFERENCE IN DEPOSITION—PROOF OF IDENTITY.—In an action against a defendant who is the president of a mining corporation, to enforce his personal liability for lumber sold, the minute-book of the corporation referred to in the deposition of the defendant, but not attached to the deposition nor returned with it, cannot be read in evidence without proof of its identity.

ID.—JUDGMENTS AGAINST CORPORATION.—In an action to charge the president of a mining corporation as the principal in the sale of lumber, judgments in favor of other parties who had worked upon the mine and building for which the lumber was furnished, obtained against the corporation, and under which the mine and mill were sold under execution, are not competent evidence.

ID.—REBUTTAL—EXPLANATION OF TELEGRAM.—Plaintiff may properly be permitted to explain in rebuttal a telegram introduced by the defendant for the purpose of contradicting his testimony.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. NICOL, Judge.

The minute-book referred to in the opinion of the court was the minute-book of the Yosemite Mining Company referred to in the deposition of the defendant, in whose deposition was embodied excerpts from the minute-book.   The judgments referred to in the opinion were judgments in favor of third parties, who had worked upon the mine and in building the mill, for such work and labor against the Yosemite Mining Company, as a corporation, upon which judgments the mine and mill were sold under execution.   Further facts are stated in the opinion of the court.

*J. D. Redding,* and *J. F. Rooney,* for Appellant.

The finding that plaintiff contracted with the defendant is against the evidence, and the fact that he charged the account to the Rising Sun Mine and made out bills against the Rising Sun Mining Company was evidence that he did not give credit to the defendant personally. (*Foster* v. *Persch,* 68 N. Y. 400; *Swift* v. *Pierce,* 13 Allen, 136; *Champion* v. *Doty,* 31 Wis. 190.) When a person knows or has sufficient information fairly to infer the existence of an actual agency, although the name of the principal is not disclosed, the agent is not liable. (*Wright* v. *Cabot,* 89 N. Y. 574; *Hogan* v. *Shorb,* 24 Wend. 462; *Maanss* v. *Henderson,* 1 East, 335; *Bliss* v. *Bliss,* 7 Bosw. 345; *Baring* v. *Corrie,* 2 Barn. & Ald. 137.)

*F. W. Street,* for Respondent.

When an agent deals with a third person, and does not disclose the principal, the agent is personally liable. (*Murphy* v. *Helmrich,* 66 Cal. 71; Civ. Code, sec. 2343, subd. 1; Lawson's Rights, Remedies, and Practice, secs. 107, 108; *Thomas* v. *Moody,* 57 Cal. 215; *Puget Sound Lumber Co.* v. *Krug,* 89 Cal. 237; *Holt* v. *Ross,* 54 N. Y. 472; 13 Am. Rep. 615; *Cobb* v. *Knapp,* 71 N. Y. 348; 27 Am. Rep. 51; *Bickford* v. *First Nat. Bank of Chicago,* 42 Ill. 238; 89 Am. Dec. 436–41; *Baldwin* v. *Leonard,* 39 Vt. 260; 94 Am. Dec. 324, and note to decision; *Welch* v. *Goodwin,* 123 Mass. 71; 25 Am. Rep. 24; Story on Agency, secs. 266, 326.) The book offered in evidence was not identified as the recorded book referred to in the deposition, and was incompetent and immaterial to show facts not stated in the deposition. The judgments were properly excluded, the plaintiff being neither party nor privy thereto. (Black on Judgments, sec. 600; Greenleaf on Evidence, sec. 523.) The judgments could not be used to impeach the plaintiff. (Code Civ. Proc., sec. 2051.) The evidence being conflicting, the findings must be sustained.

TEMPLE, J.—Appeal from the judgment and from an order denying a new trial.

This action was brought to recover the value of lumber alleged to have been sold by plaintiff to defendant to be used in the construction of a quartz-mill on the Rising Sun Mine.

The answer denies all the material allegations of the complaint, and avers that the lumber was sold by plaintiff to the Yosemite Mining Company—a corporation incorporated in the state of Illinois.

The court found that the lumber was sold to the defendant, but that at the time the defendant was the president of the Yosemite Mining Company, and for that company was in charge of and engaged in the management of the Rising Sun Mine. The court further found as follows:

"That neither, at the time the defendant contracted with plaintiff for the lumber and materials furnished defendant as aforesaid, nor during any of the time plaintiff was furnishing the said lumber and material, did the defendant inform the plaintiff that he, said defendant, was acting as the president of or as the agent of the Yosemite Mining Company, nor did the plaintiff know at or during any portion of the time from September 15, 1883, to and including the second day of April, 1884, that the defendant was the president of or the agent of the Yosemite Mining Company, and the defendant did not, at or during any of said time, inform plaintiff that the said Yosemite Mining Company was the owner of said Rising Sun Mine, or that the lumber and materials furnished and delivered to the defendant as aforesaid were for the said Yosemite Mining Company, and plaintiff did not know during any of said time that said lumber and materials sold and delivered by him to the defendant as aforesaid were for the said Yosemite Mining Company, or that said company was the owner of said Rising Sun Mine. That plaintiff dealt and contracted with the defendant as the owner of

said Rising Sun Mine and as the principal in the transaction."

It is claimed that the evidence does not support this finding, but a careful reading of the transcript convinces me that it is only one of numerous cases presented here where the real claim is that the finding is not supported by the preponderance of the evidence. Certainly the testimony of the plaintiff himself supports the finding in every respect, and the opposing testimony is not very positive upon the most material points. It tends rather to show that plaintiff may have known that defendant was the agent of some company. Under such circumstances we cannot disturb the finding.

The facts being as found the defendant is liable.

Appellant also complains of certain alleged errors of law, in refusing to admit evidence offered by him. But I find no prejudicial error in the rulings.

The record does not show a stipulation that the minute-book might be used in evidence, and, if it did, the book was not attached to the deposition or returned with it. It was then incumbent upon defendant to prove its identity unless that was admitted.

The minute order showing. authority to purchase the mine was read in connection with the deposition.

For all other purposes for which the book was offered it was clearly incompetent even if its identity and genuineness had been admitted.

The judgments offered were not competent evidence upon any issue in the case.

It was proper to permit plaintiff to explain in rebuttal the telegram which had been introduced by the defendant to contradict his testimony.

The order and judgment are affirmed.

McFARLAND, J., and HENSHAW, J., concurred.