[Civ. No. 2937.   Third Appellate District.—December 1, 1925.]

MEAD CLARK, Respondent, v. CLARENCE E. BAEN, Appellant; RUBY E. WHITNEY, Administratrix, etc., Defendant.

[1] PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—RIGHTS OF THIRD PERSONS.—In an action for goods sold and delivered, where one of the defendants who was an ancillary receiver in bankruptcy employed his codefendant as agent to carry on the business of the bankrupt and the latter in his capacity as such agent purchased said goods from plaintiff for the account of the bankrupt estate,

---

1. See 1 Cal. Jur. 860; 21 R. C. L. 895.

it being shown by the uncontradicted evidence that at the time of the sale and delivery thereof, the plaintiff did not know that the defendant was acting as such receiver, or in any other than his individual capacity, that he failed to disclose such fact to plaintiff and helped to conceal the identity of his principal by permitting the agent (his codefendant) to conduct the bankrupt's business under a misleading name, and that plaintiff was misled thereby, the defendant receiver cannot deny his personal liability to plaintiff on the ground that he was acting for an undisclosed principal.

[2] ID.—CAPACITY OF AGENT—EVIDENCE—FINDINGS.—In such action, the trial court's failure to find that defendant did not disclose the fact that he was acting as receiver in purchasing said goods was not -prejudicial to defendant, where, under the evidence, a finding upon that issue must necessarily have been against him.

---

(1) 2 **C. J.,** p. 816, n. 23; 7 **C. J.,** p. 100, n. 14.   (2) 4 **C. J.,** p. 1060, n. 12.

APPEAL from a judgment of the Superior Court of Sonoma County. R. L. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. H. Sooy for Appellant.

Fred W. McConnell for Respondent.

FINCH, P. J.—The complaint alleges that the defendants are indebted to the plaintiff in the sum of $435.50 for "lumber lath sold and delivered" to them by plaintiff. The action was dismissed as to the defendant administratrix. The defendant Baen filed an answer denying the allegations of the complaint and alleging, as an affirmative defense, that the International Brokerage Company, a Delaware Corporation, doing business as California Grape Distributors, was adjudged a bankrupt by the federal court at Chicago and that a receiver was there appointed to take charge of the bankrupt's estate; that the federal court at San Francisco appointed defendant ancillary receiver of the bankrupt's estate in California; that the bankrupt, prior to. said adjudication, had carried on the business of "dehydration and drying of fruits and vegetables and of packing and

2.   See 24 **Cal. Jur.** 944.

shipping the same'' at Santa Rosa, California; that ''at the time of the appointment of said defendant as ancillary receiver . . . the said bankrupt estate had remaining assets consisting of leasehold property and improvements on leasehold property consisting of drying and packing machinery, drying sheds, a warehouse and other improvements attached to the leasehold and the business connected therewith''; that under and by virtue of orders of the court ''said defendant as ancillary receiver was duly authorized to carry on business of the said named bankrupt in Santa Rosa and in California''; that the defendant did ''as ancillary receiver, and not otherwise, carry on and conduct . . . the business of the said bankrupt in the city of Santa Rosa'' and employed ''George O. Whitney in and about the conduct of the business of said bankrupt at Santa Rosa''; and that the merchandise described in the complaint was ''sold and delivered to said bankrupt estate upon the order of said George O. Whitney.''

The court found that the allegations of the complaint are true; that the defendant was appointed ancillary receiver as alleged in the answer; that the business of the bankrupt was as therein alleged; that the defendant was duly authorized to ''continue the business of the International Brokerage Company for the balance of the drying season for the year 1921, at the plant of said International Brokerage Company at Santa Rosa''; that the defendant employed Whitney as alleged; that ''during said time the said defendant Baen also conducted the business of buying, selling and shipping grapes at said City of Santa Rosa, and shipping said grapes to eastern markets, under the name and designation of Santa Rosa Dehydrating Company, and in and about which said last business the said defendant Baen also employed the said Whitney as agent and manager. That during the times herein mentioned and between September 30, 1921, and October 19, 1921, the said defendant Baen by and through said manager and agent, George O. Whitney, did purchase from the said plaintiff herein, at Santa Rosa, in the said County of Sonoma, lumber lath for use in shipping green grapes purchased by the said defendant Baen under the name of Santa Rosa Dehydrating Company, and which said lumber lath were of the reasonable value of $435.50, and for which the said defendant Baen, by and through said agent and

manager, agreed to pay to the said plaintiff herein the said sum of $435.50; no part of which has ever been paid.'' Judgment was entered in favor of plaintiff against defendant Baen as prayed for in the complaint. Baen has appealed from the judgment. He contends that the evidence does not support the findings to the effect that he purchased the materials in question in his individual capacity and is personally liable for the value thereof.

Whitney was in charge of the International Brokerage Company's business at Santa Rosa during the year 1920 and the dehydrating plant was built that year. The company did not operate under the name Santa Rosa Dehydrating Company. Its principal business there ''was the dehydrating process.'' ''That is what it (the plant) was built for.'' ''It was advertised as a dehydrating plant.'' ''Fresh grapes were shipped during the year 1920,'' to what extent does not appear. It used ''lumber lath'' in shipping such grapes, but the same was not purchased from plaintiff. The materials involved in this action were used in the shipment of fresh grapes during the year 1921. The plaintiff testified that they were ordered by Whitney and delivered at the dehydrating plant; that six deliveries were made; that his bookkeeper charged the sales in his account-books to the Santa Rosa Dehydrating plant; that ''after there had been one or two loads went out, and I found the account here in my book before I knew they had gotten any, . . . I saw Mr. Whitney, and I says, 'Whose is this dehydrating plant?' I know I asked him who it was, and he said it consisted of Mr. Clarence E. Baen of San Francisco, he was the head man, he was the one that would send me the check. . . . He said Mr. Baen would pay that.'' Plaintiff then wrote in pencil, after the name Santa Rosa Dehydrating plant in the account, ''Clarence E. Baen, Whitney Manager.'' Plaintiff further testified: ''The International Brokerage Company, I knew they had gone into bankruptcy; that is, I heard they had, but I didn't know anything about the dehydrating plant, and I did not know who the owners were or anything about it at all. . . . When we sold this lumber I knew nothing about'' Baen's receivership.

The defendant Baen testified: ''My instructions to Mr. Whitney were . . . not to run up any bills or create any obligation that he did not have the money to pay for.''

The International Brokerage Company "left a great many debts, a great many obligations to grape growers and to everybody around this country. . . . Q. Why did they call it the Santa Rosa Dehydrating Plant (during the receivership)? A. . . . I really don't know. Because the International Brokerage Company name was too long, for one thing, and Whitney took that line up and called it the Santa Rosa Dehydrating Plant because the International Brokerage Company name was too long, he said, and because it had a pretty rotten reputation. Q. Did you suggest he do that? A. No. I told him to take it down, that he had no right to do that, that he was manager for me of the International Brokerage Company, and he said, 'That's only the name of the plant, that is not the name of the company.' Q. It was run as the Santa Rosa Dehydrating Plant, wasn't it? A. Yes, sir." Baen further testified that he operated the plant from July to October or November, 1921; that he incurred debts to the amount of about $15,000 in excess of the moneys in his possession as receiver; that he resides in San Francisco; that during the operation of the plant by him he made possibly a dozen visits to Santa Rosa, "different week-ends, Saturday afternoons and Sundays"; that during that time he purchased and shipped, as receiver, 125 or 130 carloads of fresh grapes, at an expenditure of $180,000 or $200,000; that Whitney was not the agent of defendant personally, but only as receiver; and that the materials purchased were used only in the shipment of grapes by the defendant as such receiver.

[1] It is not necessary to consider whether the receiver exceeded his authority by engaging in the business of buying and shipping fresh grapes, or whether that business is included in the business of "dehydration and drying of fruits and vegetables and of packing and shipping the same," or whether the plaintiff, having no interest in the bankrupt's estate, can raise the question of want of authority. The uncontradicted evidence shows that at the time the materials were sold and delivered the plaintiff did not know that Baen was acting as receiver or in other than his individual capacity. Baen, knowing that the bankrupt corporation had a "rotten reputation" at Santa Rosa, was instrumental in misleading plaintiff by permitting Whitney to conduct the business under a name which would naturally

tend to hide the identity of the real purchaser, if the bankrupt estate was such. In harmony with the adoption of a misleading name, when plaintiff inquired as to the identity of the Santa Rosa Dehydrating Company, Whitney not only failed to give the desired information, but he made statements which further misled the plaintiff. Baen was the agent of the bankrupt estate. By permitting Whitney to conduct the business thereof under a misleading name, Baen helped to conceal the identity of his principal. Under such circumstances the defendant cannot be heard to deny liability to one who has been misled, on the ground that he was acting for an undisclosed principal. "The rule is well established that where one deals with another believing him to be a principal, and subsequently learns that he was dealing with an agent of an undisclosed principal, he may recover either from the person with whom he dealt or from the undisclosed principal. A man has a right to the character, credit and substance of the person with whom he contracts; if, therefore, he enters into a contract with an agent, who does not give his principal's name, the presumption is that he is invited to give credit to the agent, still more, if the agent does not disclose his principal's existence. If a person would excuse himself from responsibility on the ground of agency, he must show that he disclosed his principal at the time of making the contract, and that he acted on his behalf, so as to enable the party with whom he deals to have recourse to the principal in case the agent had authority to bind him. Consequently, an agent who contracts without disclosing his principal, is personally liable, even where he discloses the fact of the agency, but not the name of his principal." (1 Cal. Jur. 860; *Bradford* v. *Woodworth*, 108 Cal. 684 [41 Pac. 797]; *Murphy* v. *Helmrich*, 66 Cal. 69 [4 Pac. 958].) **[2]** If it be conceded that the defendant conducted the business of buying and shipping fresh grapes as receiver, he nevertheless made himself personally liable to plaintiff by failing to disclose the fact that he was such receiver and was acting in his official capacity. The evidence more strongly supports the judgment in this case than that produced in *Bradford* v. *Woodworth, supra,* where the judgment against the agent personally was affirmed. It is true that the trial court in that case found that the agent did not disclose the fact that he made the

purchases there in question on behalf of his principal, but, since a finding upon that issue in this case must necessarily, under the evidence, have been against the defendant, he has suffered no prejudice by the failure to so find. An examination of the whole case not only fails to show a miscarriage of justice, but shows affirmatively that no other judgment could properly have been entered.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 28, 1926.