[File No. 6002.]

W. L. GRAY and Alvin Vessey, Respondents, v. B. W. ELDER, Doing Business as The Elder Horse Sales Company, Appellant.

(240 N. W. 477.)

Opinion filed January 22, 1932.

*S. E. Ellsworth,* for appellant.

*Coffey & Strutz,* for respondent.

674

Burr, J. Plaintiff Gray commenced an action against the defendant in justice court. Judgment was rendered in his favor and the defendant appealed to the district court. While this action was pending in the distric court plaintiff Vessey was permitted to intervene.

Judgm⟨ ⟩t was rendered in favor of the plaintiffs in the district court and the ⟨de⟩fendant made a motion for judgment notwithstanding the verdict ⟨w⟩hich motion was denied.

⟨F⟩ror the order denying the motion for judgment notwithstanding the ver⟨d⟩ict and from the judgment the defendant appeals.

Res⟨po⟩ndent urges that the order denying motion for judgment notwithst⟨an⟩ding the verdict is not an appealable order. At the close of the tri⟨al⟩ in the district court the defendant moved for a directed verdict or for ⟨a⟩ dismissal. Later he made this motion for judgment notwithstandi⟨ng⟩ the verdict; but did not move for a new trial.

An ⟨or⟩der denying a motion for judgment notwithstanding the verdict is not ⟨a⟩ appealable order. It is only when the same is coupled with a moti⟨on⟩ for a new trial and the court denies the motion for judgment but gr⟨an⟩ts or denies the motion for a new trial that the moving party "may ⟨a⟩ppeal from the order as a whole and have the ruling on the motio⟨n⟩ for judgment notwithstanding the verdict reviewed in the Supreme ⟨C⟩ourt." Welch Mfg. Co. v. Herbst Department Store, 53 N. D. 42, ⟨1⟩04 N. W. 849. Thus the appeal considered is the appeal from the ju⟨d⟩gment entered in this case. We review the testimony simply to see ⟨w⟩hether it sustains the judgment.

Th⟨er⟩e are ten specifications of error. Six of these specifications

deal with the introduction of testimony, one deals with an alleged failure to instruct the jury in a certain matter specified, the remainder are alleged errors in overruling the motion for a directed verdict and motion for judgment notwithstanding the verdict.

The main issue involved is whether the action is brought against the proper defendant. This action is brought against B. W. Elder individually, "doing business as the Elder Horse Sales Company." There is, and was at the time the transaction involved took place, a corporation known as the Elder Horse Sales Company of which B. W. Elder was the president and manager. It is the contention of the defendant that any contract made by the plaintiff was made with the corporation, and not with B. W. Elder.

During the trial plaintiff Vessey was asked upon cross-examination "Did you remember how that check was signed?"—referring to a check exhibited to him. We may presume defendant had in mind that such check had been given to the plaintiff prior to the making of the contract involved, was issued by the corporation itself, and signed by the corporation, and that the cross examination was for the purpose of showing the plaintiff then knew of the existence of the corporation. There is nothing to indicate this however. No offer was made to prove the check was signed by the corporation, no checks produced signed by the corporation and no one testifies as to the signature on the check nor offers to testify, even though the defendant himself was a witness. Hence there is nothing to indicate the court erred in sustaining the objection.

The contract involved herein was entered into on or about April 1, 1930, and thereafter in July of that year the Elder Horse Sales Company, a corporation, commenced an action against the plaintiff Vessey and in the complaint alleged it was a corporation. Plaintiff Vessey served his answer in these cases denying certain allegations of the complaint, including the allegation of incorporation though such denial was not sufficient to raise an issue thereon. Defendant sought to introduce the pleadings in these cases for the purpose of showing admissions on the part of the plaintiff, and knowledge of the existence of the corporation at the time the contract involved was made. The court excluded the exhibits on the theory that whatever notice plaintiff had by reason of such actions could not affect a contract entered into

prior thereto. No admissions in the pleadings were pointed out and the plaintiffs testified they knew nothing about the existence of the corporation at the time the contract was entered into. It is clear that allegations in complaints served three months after the contract was made would not be notice. No error of the court thereunder has been shown.

The court sustained two objections to questions asked the defendant on direct examination regarding the number of horses entrusted, but there is no issue before us in this respect. The defendant or the corporation entrusted horses to the plaintiffs for pasturage purposes and there was some dispute as to re-delivery of two of the horses. We need not determine this matter because the facts show the amount of the judgment is correct if the proper defendant has been sued.

The record shows there was such a corporation known as the Elder Horse Sales Company and that this corporation was in existence at the time the contract was entered into. Plaintiffs allege they knew nothing about the existence of the corporation, but presumably supposed the name was a trade name used by the defendant. Defendant claims that the contract he made was made for and on behalf of the corporation. He nowhere testifies he told plaintiffs he was acting for the corporation, or that there was a corporation, or that he was an officer of the corporation. He depends upon such facts and circumstances as that the name "Elder Horse Sales Company" was on the office walls, on printed signs around the office and used in the advertisements found in newspapers. There is no claim that such name was "Elder Horse Sales Company, *a corporation*," but merely Elder Horse Sales Company.

Even though there were such a corporation and the plaintiff was the manager and agent thereof, yet such agent is liable for the undisclosed principal. "An agent who contracts in his own name with one unaware of the agency becomes liable as principal." Cochran v. Rice, 26 S. D. 393, 128 N. W. 583, Ann. Cas. 1913B, 570. The evidence does not disclose anything said by the defendant that he was contracting in his own name or not contracting in his own name; but as said by Chancellor Kent in 2 Com. 630, 631, "If a person would excuse himself from responsibility on the ground of agency, he must show that he disclosed his principal at the time of making the contract, and that

he acted on his behalf so as to enable the party with whom he deals to have recourse to the party in case the agent had authority to bind him. . . . The agent becomes personally liable when the principal is not known. . . ." "An agent who binds himself by the terms of a contract without disclosing his principal is liable for the breach of the contract by the principal." Jewell v. Colonial Theater Co. 12 Cal. App. 681, 108 Pac. 527. See also Bradford v. Woodworth, 108 Cal. 684, 41 Pac. 797, where it is said that where the defendant "did not inform plaintiff, nor did the latter know that defendant was acting as agent . . . but that plaintiff contracted with the defendant as the owner . . . and as the principal in the transaction" the agent is liable.

There was ample evidence in the case showing plaintiff contracted with the agent individually, and though this is disputed the dispute is settled by the verdict in this case and the judgment is in accordance with the verdict.

The remaining point is that the court erred in failing to instruct "that if plaintiffs, in the course of their dealings with defendant, by means of signs, notices and other evidences, came into possession of facts which reasonably followed up by investigation and inquiry would have disclosed to them that defendant was acting not on his own behalf but as officer of or agent for a corporation, they cannot hold him individually responsible upon any liability arising out of such dealings." No request for such instruction was made and no exceptions taken to the charge. The court charged the jury that the burden was upon the plaintiffs to show they dealt with B. W. Elder as an individual and not as a corporation; that a corporation had a right to contract and could only deal through its officers; that it was the duty of the plaintiffs to prove by the evidence that the contract was entered into with the defendant individually before a verdict could be rendered in favor of the plaintiffs. In the absence of any requests for further instructions, there was no error in failing to charge as claimed, for the charge to the jury required the verdict to be based upon the evidence introduced.

No error being shown the judgment is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.