**ALMONT LUMBER AND EQUIPMENT COMPANY, a corporation, Plaintiff and Appellee,**

v.

**Ralph HATZENBUEHLER, Defendant and Appellant.**

**Civ. No. 10797.**

Supreme Court of North Dakota.

Jan. 3, 1985.

Rausch & Rausch, James P. Rausch, argued, Bismarck, for plaintiff and appellee.

Rauleigh D. Robinson, Bismarck, for defendant and appellant.

PEDERSON, Justice.

The only issue raised on this appeal involves an award of prejudgment interest (§ 32–03–04, NDCC) in a case arising out of an oral contract. We affirm the judgment.

The facts upon which we rely are from an agreed statement executed by counsel for the parties and approved by the trial court (Rule 10(g), NDRAppP).

In September 1979, Hatzenbuehler contracted with Almont Lumber to erect a pole barn for $36,871.82. Sales tax was not mentioned. Hatzenbuehler paid $3,000 down.

On January 26, 1980, the parties had a "meeting" at which Hatzenbuehler paid Almont Lumber an additional $23,871.82. The parties totally dispute what was and was not agreed upon at that "meeting." Hatzenbuehler contends that the parties agreed to a $10,000 reduction in the contract price, as well as an elimination of all sales tax, because of construction defects. Almont Lumber contends that the parties agreed to nothing at the "meeting," and

that Hatzenbuehler still owes the $10,000, plus sales tax of $1,106.16.

Almont Lumber sued for $11,106.16, plus interest from December 31, 1979. At a jury trial in June 1984, Almont Lumber admitted that there were some construction defects that could be cured at a cost of $630.00. Hatzenbuehler presented evidence that the cost to cure was $6,400.00.

By a special verdict the jury found that (1) the contract was substantially performed; (2) the parties did not agree at the January 26, 1980 "meeting" to a settlement as contended by Hatzenbuehler; and (3) Almont Lumber is due damages of $6,800.00.

In *Tallackson Potato Co., Inc. v. MTK Potato Co.*, 278 N.W.2d 417, 422 (N.D. 1979), Justice VandeWalle, for a unanimous court, identified the rules applicable to interpretations of written contracts and then wrote:

"We hold that the same general principles apply to a court's interpretation of an oral contract. [Cites omitted.] Obviously, however, the terms of an oral contract can be established only through extrinsic evidence. A determination of these terms, if they are disputed, must therefore be made by the trier of fact, ..."

The trier of fact, in this case the jury, specifically found that no oral agreement was reached at the January 26, 1980 "meeting." We are, accordingly, only concerned with the September 1979 oral agreement. There appears to be no dispute as to the terms of that oral agreement except for the sales tax matter. The jury was not asked to make a special finding on this question. We presume that no sales tax was found to be due.

The jury found that Almont Lumber substantially complied with the September 1979 oral contract and that the balance due is $6,800.00, rather than $10,000. Both parties produced evidence of the cost to cure the construction defects; the jury, in

effect, found that the defects could be cured at a cost of $3,200.00.

Section 32–03–04, NDCC, provides:

"Every person who is entitled to recover damages certain or capable of being made certain by calculation, *the right to recover which is vested in him upon a particular day*, also is entitled to recover interest thereon *from that day*, except for such time as the debtor is prevented by law or by the act of the creditor from paying the debt." [Emphasis added.]

In *Metcalf v. Security Intern. Ins. Co.*, 261 N.W.2d 795, 802 (N.D.1978), we held:

"If a claim for breach of contract is uncertain, unliquidated, and disputed, interest should not be awarded to the plaintiff prior to the entry of the judgment by which the amount due for the breach is determined. [Citation omitted]. However, *the fact that a defendant disputes the sum owed does not, in itself, render the plaintiff's claim uncertain or unliquidated so as to deny the plain-*

*tiff interest under § 32–03–04, N.D.C.C. . . .*" [Emphasis added.]

In this case, by virtue perhaps of the Rule 10(g), NDRAppP agreement, we have nothing more than a bare disputed balance due on an oral contract. The trial court did not err in awarding prejudgment interest under these circumstances. The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, J., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.

VANDE WALLE, Justice, concurring.

I concur in the result.