**ROYAL JEWELERS, INC.,**
Plaintiff and Appellee,

v.

**Terry Rose KOPP, Defendant
and Appellant.**

**Civ. No. 10724.**

Supreme Court of North Dakota.

March 26, 1985.

J. Bill Hansen, Fargo, for plaintiff and appellee.

Overboe & Cuffe, West Fargo, for defendant and appellant; argued by David A. Overboe, West Fargo.

MESCHKE, Justice.

Defendant Terry Rose Kopp appeals from a judgment in favor of plaintiff Royal Jewelers, Inc., ("Royal Jewelers") for the balance of an open account for personal jewelry, in a trial to the District Court without a jury. The judgment was for $29,412.73, including $18,571.95 for jewelry and $10,640.59 in "service charges." We affirm in part and reverse in part.

Kopp urges that Royal Jewelers failed to meet its burden of proof and that the District Court's findings on the amount of the account are clearly erroneous, because her direct testimony contradicted Royal Jewelers' business records evidence.

Royal Jewelers introduced an exhibit of all sales slips and credit memos for payments received and merchandise returned, with a summary for the period from February 28, 1973, to February 22, 1982. The sales slips were not signed by Kopp in the space provided for the customer's signature. Mrs. Olson, an officer who kept books for the business, testified how the records were regularly made and kept in the course of business. She testified that each month a customer received a monthly statement showing the new and previous balances, as well as payments and credits, finance charges, and purchases during the month, together with a copy of any sales and credit slips for the past month.

Kopp testified that she did not receive 16 of the purchases, totaling $8,849.24, although she admitted that she owed some amount. She denied receiving sales slips for the disputed items and equivocated on whether she received a monthly statement every month. The most recent item disputed was an April 15, 1981, purchase. Kopp's last payment was made on August 5, 1981. Prior to this lawsuit, she had not complained to Royal Jewelers about being billed for merchandise not received.

The trial court fairly reasoned: "This Court has considered the longevity of the accounts, payment already made paying off most of the older items and partial payment on later items and the fact that records were made at the approximate time of each sale indicating purchase, all of which cause ... the preponderance of the evidence ... to affirm the fact that defendant did agree to buy and receive and did receive all of the merchandise."

The trial court's findings on the amount of the account are supported by evidence and are not clearly erroneous. Rule 52(a), N.D.R.Civ.P. The trial court must weigh all of the evidence. Where more than one reasonable inference can be drawn from credible evidence, the reviewing court must accept the inference drawn by the trial court. *Weiss v. Anderson*, 341 N.W.2d 367 (N.D.1983).

Kopp also urges that the trial court's "failure to find that there was an agreement between the parties to forego interest or service charges was clearly erroneous...."

Kopp testified that she had an oral agreement with Mr. Olson, who dealt with her for Royal Jewelers, that there would be no interest or service charges on her account. She once complained about finance charges in 1981 and was immediately credited with four months of finance charges. She claimed that thereafter she assumed whether interest was shown on her statements didn't make any difference.[1]

The monthly statements to Kopp each said: "FINANCE CHARGE is computed by a 'periodic rate' of 1.50% per month which is an ANNUAL PERCENTAGE RATE of 18% ... applied to the previous balance after deducting current payments and/or credits appearing on the statement." Mrs. Olson testified that when an agreement was made with a customer that no interest or service charges would be charged on a sale, it was so recorded on the sales slip.

Again, the trial court's finding that there was no general agreement to forego interest or service charges is supported by evidence and is not clearly erroneous. An account creditor is ordinarily "entitled to recover interest"; N.D.C.C. § 32–03–04; *Almont Lumber Co. v. Hatzenbuehler*, 359 N.W.2d 384 (N.D.1985).

---

1. The terms "interest," "finance charges," "late payment charges" and "service charges" are often used interchangeably, as the parties have in this case. See *Metric Construction, Inc., v. Great-*

*Plains Properties,* 344 N.W.2d 679 (N.D.1984). There is inherent ambiguity in each term, at least as to rate.

Kopp argues as a matter of law that Royal Jewelers was not entitled to the rate of service charges applied to the account, claiming that N.D.C.C. § 13–01–14 did not apply because it was apparent that credit would be extended beyond thirty days and that late payment was anticipated.

Section 13–01–14 provides:

"A creditor may charge, receive and collect a late payment charge in an amount not to exceed one and one-half percent per month on all money due on account from thirty days after the obligation of the debtor to pay shall have been incurred. *The late payment charge provided in this section may be charged only if at the time the obligation was incurred the creditor did not intend to extend any credit beyond thirty days and any late payment of the obligation was unanticipated.* The provisions of this section shall not apply to money due on retail installment contracts, as defined in chapter 51–13; money due on revolving charge accounts, as defined in chapter 51–14; and money due on medical, hospital, and residential utility bills." (emphasis supplied)

There is no evidence of a retail installment contract[2], a revolving charge account agreement[3], or any other contract in writing[4] about interest or finance charges between Royal Jewelers and Kopp. Therefore, unless Section 13–01–14 applies, there is no legal or contractual basis for a 1.5% per month finance charge, and Royal Jewelers would be limited to the presumed rate of interest of 6% per annum under N.D. C.C. § 47–14–05; see *Metric Construction, Inc., v. Great Plains Properties*, 344 N.W.2d 679 (N.D.1984).

The trial court found that service charges billed to Kopp "were and are in all ways legal and proper and are not usurious."[5] However, there were no findings of fact by the trial court on whether Royal Jewelers intended to extend credit to Kopp beyond thirty days or on whether late payment was anticipated.

Repeated credit sales transactions, while balances of the account remained unpaid, may be evidence of the seller's intent to extend credit beyond thirty days or that late payment was anticipated. On the other hand, a monthly statement to Kopp admitted into evidence showed both "Minimum Payment Due" and "To Avoid F. Chg. Pay" lines which listed the same amount as shown for "Account Balance." If consistently used for each month in which a sales transaction took place, such monthly statements may be evidence that the seller did not intend to extend credit beyond thirty days or that he did not anticipate late payment. But, these are evidentiary considerations on issues of fact concerning the application of the statute.

Since the trial court made no findings of fact about the seller's intent in extending credit, we reverse and remand the judgment insofar as it awarded $10,640.59 in "service charges." On remand, the district court may, in the exercise of its sound discretion, take additional evidence on the matter in order to make the factual determinations as to whether § 13–01–14 applies to this account balance. If it does not, then Royal Jewelers is only entitled to judgment for the presumed rate of interest of 6% per annum on its account balances, under N.D. C.C. § 47–14–05.[6]

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

---

2. N.D.C.C., Ch. 51–13.

3. N.D.C.C., Ch. 51–14.

4. Section 47–14–05, N.D.C.C.

5. No claim of usury was made in the pleadings, nor in the arguments to the trial court after the trial, and no issue of usury is presented on this appeal.

6. However, since this account extends back to 1973, and § 13–01–14 did not go into effect until July 1, 1981, (North Dakota Session Laws of 1981, Ch. 161), it is clear that Royal Jewelers is not entitled to interest at the rate of 1.5% per month for any period prior to July 1, 1981.