OPINION OF THE COURT
WlLMER J. PATLOW, J.
On July 24, 1975 plaintiff Bankers Trust Company of Western New York (formerly Banker’s Trust Company of Rochester) entered into an equipment security agreement with Rose-berry Inn, Inc., for the purpose of securing loans totaling $30,000 which were deposited by Bankers Trust into Rose-berry Inn’s corporate checking account as follows: $500 on July 24, 1975; $5,000 on September 30, 1975; $19,500 on February 13, 1976; and $5,000 on May 17, 1976. The agreement was filed in the Wayne County Clerk’s office on July 31, 1975 and with the Secretary of State on August 5, 1975.
On October 1, 1977 Roseberry Inn, Inc., defaulted on the loans and the sum of $11,136.31 plus interest became due and owing plaintiff.
The security agreement covered certain restaurant equipment which was placed in a building located at the intersection of Route 104 and Pratt Road in Sodus, New York, for a time operated as the Roseberry Inn. These premises were owned by Harry Chudnofsky, President of Roseberry Inn, Inc.
On or about January 13, 1978 defendants Robert F. Zecher, Ronald E. Raymer and William A. Rolston bought the premises in question, including the equipment, at a mortgage foreclosure sale. The mortgage had been held by defendant Ruth E. Hilfiker.
On October 6, 1978 and again on December 8, 1978 plaintiff Bankers Trust demanded of defendants Zecher, Raymer and Rolston that it be permitted to repossess the restaurant equipment, but these defendants refused. Plaintiff thereafter instituted this suit alleging conversion and unjust enrichment and *779 demanding the sum of $11,136.31 plus interest from October 1, 1977 in damages.
Defendants Zecher, Raymer and Rolston raise four affirmative defenses as follows: (1) that the plaintiff acquired no interest in the equipment covered by the security agreement because it was not owned by Roseberry Inn, Inc., but by Harry Chudnofsky, individually; (2) that the plaintiff acquired no interest in the equipment because Roseberry Inn, Inc., was not a legally existing entity at the time the security agreement was entered into as it had not yet filed a certificate of incorporation with the Secretary of State; (3) that the plaintiff’s security interest is defective in that the financing statement did not comply with section 9-402 of the Uniform Commercial Code because it did not list Harry Chudnofsky, individually, as the debtor; and (4) that the financing statement is void in that it did not identify the collateral with sufficient particularity to put the public on notice as to the extent of the security interest claimed by plaintiff. In addition, defendants Zecher, Raymer, and Rolston cross-claim against defendant Hilfiker on the grounds that she misrepresented to them at the time of the mortgage foreclosure sale that all of the restaurant equipment was included, subject only to the interest of Cable-Wiedemer, Inc., which had sold or leased certain other restaurant equipment to Chudnofsky.
Plaintiff Bankers Trust now moves for summary judgment on its complaint against defendants Zecher, Raymer and Rolston. Defendants Zecher, Raymer and Rolston cross-move for summary judgment against plaintiff.
With respect to defendants’ second affirmative defense, section 403 of the Business Corporation Law provides that "[u]pan the filing of the certificate of incorporation by [sic] the department of state, the corporate existence shall begin”. It is undisputed that the certificate of incorporation of Roseberry Inn, Inc., was executed on July 24, 1975, the same date the equipment security agreement was entered into and the first advance made, but that the certificate was not filed with the State until July 30, 1975.
Plaintiff argues nonetheless that the doctrine of de facto corporations is applicable here.
It has long been held that in order to establish the existence of a de facto corporation it is necessary to show that there is a law under which the corporation might be organized, an attempt to organize the corporation, and an exercise of corpo *780 rate powers thereafter (Von Lengerke v City of New York, 150 App Div 98, 102, affd 211 NY 558; Matter of Planz, 282 App Div 552, 553). It is said that without a "colorable attempt” to comply with the statutory requirements there can be no de facto corporation (Kiamesha Dev. Corp. v Guild Props., 4 NY2d 378, 388), but "where there has been an attempt in good faith to comply with the requirements of the law with respect to filing a certificate of incorporation and a certificate has been filed in one or more of the places required by law and there has been user of the corporate name, the corporation will be deemed a corporation de facto” (Stevens v Episcopal Church History Co., 140 App Div 570, 578-579).
In conjunction with the doctrine of de facto corporations it is also a familiar principle that a corporation may be bound on a contract made in its name by its promoters prior to the completion of incorporation, where the corporation subsequently adopts the contract by express ratification or by acceptance of benefits referable to it (Matter of Reif [Williams Sportswear], 9 NY2d 387, 392; Morgan v Bon Bon Co., 222 NY 22, 26, 27; Matter of Planz, 282 App Div 552, 553, supra).
Defendants argue that the de facto doctrine is no longer viable in New York State following a 1963 amendment to section 403 of the Business Corporation Law which made the filing of the certificate of incorporation conclusive, rather than presumptive, evidence that a corporation had been formed (see 1 White, New York Corporations [13th ed], § 403.03). However, legislative history indicates that this section was in substance intended to codify the de facto doctrine as found in New York case law (NY Legis Doc, 1961, No. 12, p 61), and the doctrine has been used by at least one court following the amendment (see Conway v Samet, 59 Misc 2d 666, 669).
On July 21, 1975, prior to the date the articles of incorporation were executed and the security agreement entered into, a certificate or reservation of the name Roseberry Inn, Inc., was filed with the Secretary of State by or on behalf of Harry Chudnofsky. On July 24, 1975 the Board of Directors of Roseberry Inn, Inc. passed a corporate borrowing resolution and issued a "Certificate of Resolutions” authorizing the security agreement. On August 4, 1975 Roseberry Inn, Inc., applied for a liquor license using its corporate name. In September, 1975 and February, 1976 plaintiff advanced a portion of the loans secured by the equipment security agreement by depositing them in Roseberry Inn’s corporate account. On *781 March 2, 1976 the corporation entered into a lease agreement with Cable-Wiedemer, Inc., which lease was signed by Chudnofsky both in his individual capacity and as president of Roseberry Inn, Inc. On May 17, 1976 plaintiff made a final deposit into the inn’s corporate checking account.
This court now finds that the requirements of the de facto corporation doctrine have been met, and that Roseberry Inn, Inc., is to be considered a de facto corporation as of July 24, 1975. This court further finds that even if it were not a de facto corporation on that date, Roseberry Inn, Inc., subsequently adopted the security agreement by accepting the benefits referable to it, that is, by accepting loans totaling $29,500 after July 30, 1975, the date the certificate of incorporation was filed.
The second affirmative defense of defendants Zecher, Raymer and Rolston is hereby dismissed.
Defendants’ third affirmative defense is likewise dismissed. This court having determined that it was the entity Rose-berry, Inn, Inc., which entered into the contract with plaintiff, and not Harry Chudnofsky, individually, now finds that it was proper to list Roseberry Inn, Inc., on the financing statement as the debtor, and thus the statement complies with the Uniform Commercial Code in this respect (see Uniform Commercial Code, § 9-402, subds [1], [7]).
Defendants’ fourth affirmative defense is hereby dismissed. Subdivision (1) of section 9-402 of the Uniform Commercial Code provides that the financing statement is sufficient if it "contains a statement indicating the types, or describing the items, of collateral”. The financing statement here covers "[a]ll present and hereafter acquired equipment wherever located including but not limited to machinery and machine tools with motors and controls and attachments, parts, tools, accessories and accessories incidental thereto, office equipment and motor vehicles and all other equipment”. The court finds that this description is broad enough to include the restaurant equipment attached as Schedule A to the equipment security agreement in question, and thus the financing statement complies with section 9-402 of the Uniform Commercial Code by sufficiently describing the type of collateral covered.
With respect to defendants’ first affirmative defense, the court finds that the ownership of the restaurant equipment covered by the security agreement is a question of fact which cannot be determined from the papers now before it.
*782 The court concludes that plaintiff has a perfected security interest in any of the equipment collateral which was in fact owned by the entity Roseberry Inn, Inc., and which, in addition, is now in fact in the possession of defendants Zecher, Raymer and Rolston. These defendants should, however, be given the opportunity to prove their assertions with respect to the ownership of the collateral and their current lack of possession thereof.
This court further concludes as a matter of law that, in the event these defendant are unable to meet their burden of proof, the restaurant equipment they purchased is subject to plaintiff’s valid perfected security interest, even assuming they purchased the equipment for value and without knowledge of plaintiff’s interest (see Uniform Commercial Code, § 9-301, subd [1], par [c]; Uniform Commercial Code, § 9-301, Official Comment No. 4).
Plaintiff’s motion is granted to the extent that the second, third and fourth affirmative defenses of defendant Zecher, Raymer and Rolston are dismissed, and the motion is otherwise denied. The cross motion of defendants is denied.