OPINION OF THE COURT
Arnold F. Ciaccio, J.
The question presented is whether this court’s permission is required before the City of Rochester, hereinafter referred to as City, can enforce its in rem judgment of foreclosure on property owned by the deceased and now an asset of the estate.
CPLR 5208 clearly restricts a judgment creditor from enforcing a money judgment against a deceased debtor without first obtaining leave of the Surrogate. The operative language is “[ejxcept where otherwise prescribed by law, after the death of a judgment debtor, an execution upon a money judgment shall not be levied upon any debt owed to him or any property in which he has an interest, nor shall any other enforcement procedure be undertaken with respect to such debt or property, except upon leave of the Surrogate’s Court”.
SCPA 1812 is the procedural counterpart to CPLR 5208 and requires leave of the Surrogate before a judgment creditor can execute against a decedent’s real property.
The City claims that a judgment of foreclosure for nonpayment of taxes is an in rem proceeding and is therefore exempt from the requirement of section 5208 which applies to “money judgments”. An “in rem” procedure is an action *1025 against a specific piece of property whereas a money judgment can be executed against any property. Therefore, the City argues CPLR 5208 does not apply.
It is fundamental that Surrogate’s Court has exclusive jurisdiction over all the affairs of the deceased. (SCPA 201; NY Const, art VI, § 12, subd e; Matter of Piccione, 57 NY2d 278.) This court is concerned that the orderly administration of an estate requires that it maintain control over the claims against the assets of the estate. Creditors’ claims shall be dealt with in accordance with the pattern and preference established by the Legislature in SCPA 1811. CPLR 5208 is consistent with that policy, and the fact that it speaks to “money judgment” does not give it the restrictive narrow interpretation urged by the City. To hold otherwise would permit a circumvention of Surrogate’s Court and SCPA 1811. In effect an improper preference would be obtained.
This court holds therefore that while the City may proceed to sell the property subject to the in rem tax judgment, it can do so only after notice to the administrator or executor of the estate and with permission of this court. Under the circumstances of this case this court grants permission to go forward with the auction sale. However, the court directs any surplus derived from the sale of the property be turned over to the estate pending further order of this court.
The City’s position that the estate failed to give timely notice of its interest in the property pursuant to section 9-143 of its charter and therefore has had an interest extinguished is without merit. The City was well aware of the estate’s interest in this property beginning early in 1983 and continuing to the present. Any surplus from the sale after payment of taxes and charges shall be held for the benefit of the estate.