**In re James Terence STRICKLAND and wife, Cynthia Jeanne Strickland, d/b/a Strickland Builders Supply, Debtors.**

**Jacob C. PONGETTI, Trustee for the Estate of James Terence Strickland and Cynthia Jeanne Strickland, d/b/a Strickland Builders Supply, Plaintiff,**

**v.**

**DEPOSIT GUARANTY NATIONAL BANK f/k/a First Citizens Bank, Defendant.**

**Bankruptcy No. 87–01779–BKC–ESE. Adv. No. 87–0251.**

United States Bankruptcy Court, N.D. Mississippi.

Nov. 8, 1988.

Billy N. Owen, Booneville, Miss., for debtors.

Jacob C. Pongetti, trustee, Columbus, Miss., for the Estate.

Michael B. Gratz, Tupelo, Miss., for defendant.

## OPINION

DAVID W. HOUSTON, III,
Bankruptcy Judge.

This matter comes before the Court on the complaint to determine the validity and/or priority of liens filed by Jacob C. Pongetti, trustee for the estate of James Terence Strickland and Cynthia Jeanne Strickland, d/b/a Strickland Builders Supply, hereinafter referred to as plaintiff or trustee, against Deposit Guaranty National Bank, f/k/a First Citizens Bank, hereinafter referred to as defendant or bank; the parties having agreed that the Court could decide this proceeding based exclusively on the pleadings filed herein, as well as, respective memoranda of law filed by the parties; and the Court having considered same, hereby finds as follows, to-wit:

### I.

The Court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(K).

### II.

On November 26, 1986, the debtor, James T. Strickland, executed a retail installment sales contract when he purchased from Grady W. Jones, Inc., a Caterpillar model VC60D lift truck for $22,229.00. Grady W. Jones, Inc., assigned its security interest in the equipment to First Citizens Bank, now known as Deposit Guaranty National Bank. Financing statements were filed with the Chancery Clerk of Tishomingo County, Mississippi, reflecting the name of the debtor as "Strickland Builders MFG Company, Box 240, Golden, MS. 38847," and with the Office of the Secretary of State of the State of Mississippi, reflecting the name of the debtor as "Strickland Builders and Supply Company, Box 240, Golden, MS. 38847." Both documents were signed by "James T. Strickland" under the aforementioned trade names.

On September 24, 1987, the debtors filed for relief under Chapter 7 of the Bankruptcy Code, styling their petition "James Terence Strickland and wife, Cynthia Jeanne Strickland, d/b/a Strickland Builders Supply."

On September 25, 1987, Jacob C. Pongetti was appointed trustee for the debtors' estate. Subsequently, the trustee filed an adversary complaint alleging that the lien of the bank in the lift truck was unperfected and invalid as against the trustee because the U.C.C.-1 financing statements did not reflect the correct legal name of the debtor, James T. Strickland, as required by Miss.Code Ann. § 75-9-402 (1972). The names "Strickland Builders Mfg. Company" and "Strickland Builders and Supply Company" are trade names used by the debtor. The trustee asserts that these trade names are insufficient, as the name of the debtor, for purposes of filing valid U.C.C.-1 financing statements.

On July 22, 1988, a pre-trial conference was held in this proceeding. Since the facts remained undisputed, the parties agreed to forego the formal presentation of proof and agreed that the Court could decide the underlying legal issue based on the pleadings and the undisputed facts.

### III.

■ The single issue that requires resolution is whether the use of the trade names "Strickland Builders and Supply Company" and "Strickland Builders MFG Company" on the financing statements, rather than the debtor's correct legal name, James Terence Strickland, renders the financing statements "seriously misleading" and thereby invalid.

■ Whether a financing statement is sufficient as against a trustee in bankruptcy must be determined by applicable state law. 9 Anderson on the Uniform Commercial Code, § 9-402:4 (3rd Ed.1985). The state law applicable to this issue is Section 75-9-402, Mississippi Code Annotated (1972). This section sets forth the formal requisites of a financing statement and reads in part as follows:

(1) A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debt-

or, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types, or describing the items of collateral.

. . . .

(7) A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners.

(8) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

Miss.Code Ann. § 75–9–402 (1972).

Subsection (1) requires that the debtor's name appear on the financing statement. Subsection (7) requires that the name be the individual, partnership or corporate name of the debtor, but allows the addition of trade names. Subsection (8) is a "safe harbor" provision which allows a financing statement which contains errors to remain effective so long as the errors do not render the document seriously misleading.

In *In Re Columbus Typewriter Co., Inc.*, 75 B.R. 834 (Bankr.N.D.Miss.1987), this Court applied § 75–9–402(1)(7) and (8) of the Mississippi Code to a fact scenario nearly identical to the one now under consideration. In *Columbus Typewriter*, the debtor, Columbus Typewriter Company, Inc., purchased certain equipment from Sencore, Inc. The debtor executed a security agreement and financing statements in favor of Sencore to secure the purchase price. However, the recorded financing statements bore only the debtor's trade name rather than its true and correct legal name. Upon the filing of the debtor's voluntary Chapter 7 petition, the trustee in the case sought to assert the "strong-arm" powers set forth in 11 U.S.C. § 544(a), contending that the Sencore lien was void because the debtor's trade name appeared on the financing statements rather than its true legal name. Sencore, contending that its lien was valid and prior in time to the

trustee's hypothetical judicial lien, brought an adversary proceeding to determine the validity and priority of its lien. After reviewing applicable case authorities and the official comment to § 9–402 of the Uniform Commercial Code, this Court ruled that "the use of the debtor's trade name, Columbus Business Machines, exclusively on the recorded financing statement is seriously misleading, and that a 'reasonably prudent subsequent searching creditor' would not be put on inquiry notice that a lien in favor of Sencore was in existence." *Id.* at 838. Sencore's lien was adjudged invalid and void as against the trustee.

The *Columbus Typewriter* decision is distinguishable on the facts from the case presently before the Court. In *Columbus Typewriter*, the trade name appearing on the financing statement, Columbus Business Machines, was too dissimilar from the correct legal name, Columbus Typewriter Company, Inc., to put a subsequent searching creditor on inquiry notice. The only similarity between the two names was that each began with the name of the city in which the business was located. However, this Court stated that "[i]f the debtors' trade name is sufficiently similar to its real or corporate name and therefore not seriously misleading, then perfection of the creditor's security interest should remain intact. *See, Matter of Hammons,* 438 F.Supp. 1143 (S.D.Miss.1977), *rev'd on other grounds,* 614 F.2d 399 (5th Cir.1980)." *Id.* at 836. Thus the issue becomes whether or not use of the trade names "Strickland Builders MFG Company" and "Strickland Builders and Supply Company" would put a reasonably prudent subsequent searching creditor on inquiry notice that a lien may exist against "Strickland, James T."

The validity of a financing statement employing a trade name which incorporates the debtor's correct individual name has been examined by a Pennsylvania district court. In *In Re Platt,* 257 F.Supp. 478, 3 U.C.C.Rep.Serv. 719 (E.D.Pa.1966), the district court reviewed an order entered by the bankruptcy referee resolving a lien priority dispute among the trustee and two

secured creditors. Part of the dispute centered on the sufficiency of a financing statement filed by a creditor, Finance Company of America, hereinafter FCA, on which the debtor, an individual named Henry Platt, was designated only by his trade name, Platt Fur Co. In reviewing the referee's order the district court found as follows:

> Identification of the debtor as Platt Fur Co., under which name the financing statement was indexed, should not necessarily prejudice the claim of FCA. Failure to properly identify the debtor so as to mislead those who searched the record is of course a failure to perfect under sections 9–303 and 9–402.
>
> The referee found that a search of the public records under the name of Henry Platt would not have disclosed FCA's interest. Platt Fur Co. was an unregistered fictitious name for the business of Henry Platt. He also used Kenwell Fur Novelty Co. as a fictitious name.
>
> The use of Kenwell as the debtor would clearly have left FCA without a perfected security interest. However, the name Platt Fur Co. is sufficiently related to the name of the debtor, Henry Platt, to require those who search the records to make further investigation. Furthermore, the referee found that the name was "not seriously misleading," the criterion for effectiveness under section 9–402(5).
>
> No evidence has been presented to us which would require reversal of the referee on this point. Accordingly, we hold that designation of the bankrupt as Platt Fur Co. was sufficient identification of the debtor.

*In Re Platt*, 257 F.Supp. at 482.

The *Platt* decision stands for the proposition that where the debtor's trade name is substantially similar to the debtor's true name, the failure to include the true name with the trade name is not a seriously misleading error. Applied to the facts presently before the Court, the *Platt* decision allows the bank's financing statements to remain legally effective despite the failure to include the debtor's true individual name with the trade names.

The Court is aware that the *Platt* rationale has not been uniformly followed in all jurisdictions. Some courts have found that the failure to file a financing statement under the debtor's true name was a seriously misleading error, even where the trade name incorporated, in part, the debtor's true name. *See e.g., In Re Moore*, 21 B.R. 898 (Bankr.E.D.Tenn.1982) (trade name Moore's Welding and Mining Co. insufficient as true name, Charlie Moore); *Citizens Bank v. Ansley*, 467 F.Supp. 51 (M.D.Ga.1979) (trade name Ansley Farms insufficient as true name, Emory Ansley); *In Re Wishart*, 10 U.C.C.Rep.Serv. 1296 (Bankr.W.D.Mich.1972) (trade name Wishart Equipment Co. insufficient as true name, Horace Wishart).

*In Re Platt* was adopted by the United States District Court for the Southern District of Mississippi as the correct version in *In Re Hammons*, 438 F.Supp. 1143 (S.D. Miss.1977), *rev'd on other grounds*, 614 F.2d 399 (5th Cir.1980). The district court *Hammons* opinion resulted from an appeal of an order entered by the Bankruptcy Court for the Southern District of Mississippi wherein a secured creditor, Fedders Financial Corporation, hereinafter FFC, was found to have failed to properly perfect its security interest due to the filing of a defective financing statement. The financing statement in question designated the debtor first by a trade name, "Hammons Heating and Air Conditioning (a partnership)," but additionally listed the true individual debtors, "Rex L. Hammons & Don R. Ball (partners)," immediately below the trade name. The financing statement was filed under the trade name only. Although the district court *Hammons* decision addressed the confusion arising from the use of both the trade and true names of a debtor on a financing statement, rather than the effect of listing the debtor by a trade name exclusively, the analysis by Chief Judge Dan M. Russell, Jr. is pertinent and applicable to the issue at hand, to-wit:

> Filing under a trade name may be effective if not misleading. *Siljeg v. Nat'l*

*Bank of Commerce,* 509 F.2d 1009, 1012 (9th Cir.1975). In the present case, not only were all three possible names listed as debtors, but the trade name, Hammons Heating, corresponded exactly to the real name of one of the partners. A subsequent creditor upon seeing a listing for Hammons Heating would be put on notice that further inquiry was necessary.

. . . .

*In Re Platt,* 257 F.Supp. 478 (E.D.Pa. 1966) is also illustrative of the correct principle to be applied in the present case. In *Platt,* the creditor's financing statement listed the debtor as Platt Fur Co. That court held that the debtor's trade name was ". . . sufficiently related to the name of the debtor, Henry Platt, to require those who search the records to make further investigation . . ." 257 F.Supp. at 482.

In *In Re Fowler,* 407 F.Supp. 799 (W.D. Okl.1975), the debtor's box of the financing statement listed the debtors as:

> Kaw Lake Cement
> Fowler, J.A., Partner
> Fowler, Jerry A., Partner

The court rejected the trustee's contentions as to the invalidity of the financing statement and stated:

> ". . . the general rule can be formulated that a financing statement, in order to perfect a security interest, must, in the case of an individual, or individuals, doing business under a trade name show the name of the individual legally responsible for the debt unless the trade name and the individual debtor's name are so similar that a prospective creditor, upon seeing the trade name in the records, would be alerted that there might be a prior security interest in the involved collateral." 407 F.Supp. at 803.

As in *Fowler, supra,* FFC's financing statement showed the trade name and the individual names of the partner-debtors. *And, as in Platt, supra, the trade name Hammons Heating was so close to the name of the true debtor, Rex Hammons, that subsequent creditors,* *would be put on notice.* Accordingly, this Court holds that the listing of debtors in the financing statement of FFC was not misleading, and was therefore effective.

*In Re Hammons,* 438 F.Supp. at 1152–53. (emphasis added).

On appeal, FCC was found to be unperfected because, subsequent to the debtors' relocation, it did not make the local filing required under Mississippi law in the correct county. The appellant, Borg–Warner Acceptance Corporation, had also averred that its perfected security interest should take priority for the reason that FCC's financing statement was seriously misleading for failure to properly name the debtor. The Court refused to address the issue: "Due to our conclusion that Fedders did not make its local filing in the proper county, we do not address the other grounds on which Borg–Warner asserts that Fedders did not properly perfect its security interest." *In the Matter of Rex L. Hammons,* 614 F.2d 399, 403 (5th Cir.1980) (footnote 1). Consequently, the district court holding that "the listing of debtors in the financing statement of FCC was not misleading" remains intact and will serve as valid precedent in the present proceeding.

### IV.

The determination of whether an error in a financing statement is seriously misleading must turn on the facts of the particular case. *In Re Hodgin,* 7 U.C.C. Rep.Serv. 612, (Bankr.W.D.Okla.1970). The significance of the error must be determined in light of what is "commercially reasonable." *Cargill, Inc. v. Perlich,* 418 N.E.2d 274, 31 U.C.C.Rep.Serv. 1159 (Ind. App.1981). The question thus arises as to whether it is commercially reasonable to extend inquiry notice to a subsequent searching creditor who has relied on the governmental custodian of the records to conduct the search and report the findings. Even though filed financing statements are open for public inspection pursuant to § 75–9–403(4) Miss.Code Ann. (1972), it is often the case, especially with filings in the office of the Secretary of State, that a

creditor will submit the name(s) to be searched to the filing officer who then reports the findings.

In *In Re Reeco Electric Co., Inc.,* 415 F.Supp. 238, 19 U.C.C.Rep.Serv. 947 (D.Me. 1976) a searching creditor was forced to rely on employees of the Maine Secretary of State to conduct a search due to that state's policy of not allowing interested parties to inspect the filings. An employee searching under the correct legal names "Reeco Electric Co., Inc." and "Petersbuilt Incorporated" failed to recognize and report filings listed as "Reeco Electric" and "Petersbuilt, Inc." A bankruptcy judge, with apparent sympathy for the searching creditor, held that the filings, which were otherwise accurate and properly filed, were seriously misleading and therefore ineffective for failure to correctly list the names of the debtors. On appeal, the district court restored the effectiveness of the financing statements by finding the mistakes therein to be minor errors which were not seriously misleading. Furthermore, Judge Gignoux, writing for the court, noted that "[j]ust as a private-party file searcher would unquestionably have discovered these financing statements, it is inconceivable that an employee of the Secretary of State would not have identified these financing statements ..." *In Re Reeco Electric Co.,* 415 F.Supp. 238, 19 U.C.C.Rep. Serv. at 952.

If a technically defective financing statement is deemed to be "not misleading," it imparts inquiry notice even to creditors who rely on a report conducted by a searcher who is misled. A financing statement cannot be misleading to some but not to others. If a defective financing statement is not misleading, it imparts notice to the world.

Conversely, when faced with determining whether a financing statement which improperly names the debtor is misleading, a court must disregard the fact that a governmental employee may conduct the search on behalf of an interested creditor. *But cf., In Re Brawn,* 7 U.C.C.Rep. Serv. 565 (D.C.D.Me.1970) (suggests that greater accuracy be required in debtor's name where search is conducted exclusively by governmental employee.)

V.

Pursuant to the above and foregoing analysis, and mindful of its statutory duty to liberally construe the Uniform Commercial Code under § 75-1-102(1) Miss.Code Ann. (1972) ("This code shall be liberally construed and applied to promote its underlying purposes and policies."), it is the opinion of this Court that the financing statements listing the debtor exclusively by the trade names "Strickland Builders MFG Company" and "Strickland Builders and Supply Company" are not seriously misleading. A reasonably prudent subsequent searching creditor would be put on inquiry notice that a lien against collateral of the true debtor, James T. Strickland, was potentially in existence. Accordingly, the lien of defendant, Deposit Guaranty National Bank, is valid and prior in time and right to the hypothetical judicial lien of the trustee.

An order will be entered consistent with this opinion.