■ In the Matter of the Estate of DORIS F. VAN DORN, Deceased. DANIEL J. VAN DORN, Appellant; DONALD L. VAN DORN, Respondent. [639 NYS2d 541] —Spain, J.

Decedent, Doris F. Van Dorn, died intestate as a resident of Albany County in 1988, leaving as her only distributees her two sons, petitioner and respondent. At the time of her death decedent was the owner of real property located in the Village of Ravena, Albany County; respondent has resided at the property since decedent's death. Letters of Administration were granted to respondent in January 1989; 10 months later, in November 1989, the Letters of Administration were revoked and Surrogate's Court granted petitioner Letters of Administration *de bonis non.* In March 1990 Albany County acquired title to the subject real property pursuant to a judgment in an in rem tax foreclosure proceeding. Thereafter, petitioner and respondent redeemed the property and, by deed dated July 24, 1990, acquired title as tenants in common from the County. At about the same time petitioner, in his fiduciary capacity, filed a petition in Surrogate's Court seeking, *inter alia,* the removal of respondent from the premises and obtained a warrant of eviction.

In November 1993, at respondent's request, Surrogate's Court held a hearing to determine the validity of the warrant of eviction. While the decision of Surrogate's Court was pending, respondent, by notice of motion dated January 10, 1994, applied for an order dismissing the pending eviction proceeding on the ground that the court lacked subject matter jurisdiction. Thereafter, by petition pursuant to SCPA 2102 (6), petitioner sought an order directing, *inter alia,* that the real property be reconveyed by the parties back into the estate and that the estate be allowed to remove respondent from the property. Respondent answered and cross-moved seeking, *inter alia,* an order dismissing the petition on the ground that Surrogate's Court lacked subject matter jurisdiction. Determining that it did not have jurisdiction over the real property, Surrogate's Court granted respondent's original motion to dismiss the eviction proceeding and his cross motion to dismiss petitioner's SCPA 2102 petition. Petitioner appeals.

We affirm. Although it is fundamental that Surrogate's Court

has exclusive jurisdiction over all the affairs of the deceased (SCPA 201 [3]; 202; *see,* NY Const, art VI, § 12 [d]; *Matter of Piccione,* 57 NY2d 278), the real property in the instant case ceased to be an estate asset as a result of the in rem tax foreclosure. The redemption of the real property by the sole distributees, as tenants in common, after title had clearly passed to the County did not, by operation of law or otherwise, reestablish jurisdiction in Surrogate's Court. Having concluded that Surrogate's Court lacks jurisdiction over the real property, we further conclude that Surrogate's Court was correct in dismissing the eviction proceeding and in denying petitioner's application pursuant to SCPA 2102.

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.