**Nelson TORELLI and Caesar Torelli, Individually and in the right of 42 Shore Road Corp., Plaintiffs,**

v.

**Charles TORELLI and Marie Thoresen, Defendants.**

No. 94 Civ. 2829(JSR).

United States District Court, S.D. New York.

Oct. 4, 1996.

Comer Bress & Boynton by Frank A. Bress, White Plains, NY, for plaintiffs.

McGovern, Connelly & Davidson by Scott Weinberger, New Rochelle, NY, for defendants.

## OPINION AND ORDER

RAKOFF, District Judge.

Age, it seems, is no guarantee of wisdom; nor does the specter of imminent departure from this world chill the ardor for worldly goods or the desire to avenge past slights and inflict new ones. Accordingly, four elderly siblings, Nelson Torelli (89), Marie Thoresen (87), Caesar Torelli (85), and Charles Torelli (79), have chosen to spend the twilight of their lives in litigation over the ownership of a house and furnishings located at 42 Shore Road in Pelham Manor, New York.[1] In their haste to litigate, however, the parties failed to ascertain whether they had a right to a federal forum. The Court concludes that it lacks jurisdiction and dismisses the suit.

The house at 42 Shore Road is a large waterfront mansion, built in Tudor style, with many of the materials specially imported from England and Switzerland. It is currently valued at at least $1.5 million and possibly much more. Tr. 63–64, 225, 276. The parties' mother, Maria Torelli, purchased the property in 1955 with funds left by her deceased husband, a well-to-do businessman. Tr. 55–57. Two of her children, defendants Charles Torelli and Marie Thoresen (by then divorced), chose for both familial and financial reasons to accept their mother's invitation to live with her at 42 Shore Road. Plaintiffs Nelson Torelli and Caesar Torelli, more financially advantaged and with homes of their own, chose not to. Tr. 62–63.

In 1959, for reasons that remain hotly disputed and obscure, Maria Torelli decided to transfer ownership of the home to 42 Shore Road Corp. The parties disagree as to whether the transfer to the corporation was legally effective and also as to whether the shares of the corporation were held entirely by the mother or were transferred to the four children.

In 1988, Maria Torelli died, intestate, at the age of 107. Charles and Marie continued to live at 42 Shore Road, refusing a demand by Nelson and Caesar that the house be sold and the proceeds divided among the children. Thereafter, relations between the siblings further deteriorated, and in 1994, Nelson and Caesar brought this action to clear title to the property and arrange for its prompt sale, as well as to recover damages for waste and conversion of a corporate asset. Amended Complaint at ¶ 1. The case was reassigned to this Court on March 1, 1996, and set down for a bench trial on May 28, 1996.

---

1. To compound the absurdity, two of the parties are nearly incompetent. Plaintiff Nelson Torelli suffers from Alzheimer's disease and barely recognizes his brother Caesar, and defendant Marie Thoresen is largely bedridden and resides in a nursing home, although her official domicile remains 42 Shore Road. See Trial Transcript ("Tr.") at 98; Defendants' Proposed Findings of Facts and Conclusions of Law, ¶ 4.

Per the Complaint, the plaintiffs, who are residents of Florida and Connecticut respectively, purport to sue not only individually but also "in the right of" 42 Shore Road Corp., which, like the defendants, is a citizen of New York.[2] On the morning of May 28, the Court inquired of plaintiffs' counsel whether plaintiffs were still pursuing their derivative claim, and upon being assured that they were, inquired whether this destroyed diversity jurisdiction. Tr. 7–15. *See Ono v. Itoyama,* 884 F.Supp. 892 (D.N.J.1995), *aff'd,* 79 F.3d 1138 (3d Cir.1996).

Upon further inquiry, it became evident that several different jurisdictional questions had to be addressed. *See* Tr. 241–50. Since, however, some of these jurisdictional issues also involved factual disputes that would require an evidentiary hearing to resolve, *see Guadagno v. Wallack Ader Levithan Assoc.,* 932 F.Supp. 94, 95 (S.D.N.Y.1996), and since the trial on the merits was expected to last no more than a few days, it was decided that the jurisdictional hearing would be consolidated with the trial on the merits and that both would promptly proceed. Tr. 250. Testimony was finished by May 30, and post-trial papers on both the jurisdictional and merits issues were thereafter filed.

Having now completed its review, the Court concludes that, even though there is diversity of citizenship, the Court nonetheless lacks subject matter jurisdiction and must dismiss the case. This conclusion is premised on the Court's factual findings that: (1) 42 Shore Road Corp. is the lawful owner of the property located at 42 Shore Road, Pelham Manor, New York, but that (2) Maria Torelli retained ownership of the corporate shares until her death, intestate, in 1988.

■ As to the first finding, it is undisputed that Maria Torelli executed a deed in 1959 conveying the premises to 42 Shore Road Corp. Defendants argue that this deed was of no legal effect because it was executed and filed on March 9, 1959, four days before the Certificate of Incorporation of 42 Shore Road Co. was filed with the New York Secretary of State. *See* Plaintiffs' Exhibits ("Pl. Ex.") 2 & 3. But even defendants do not dispute that Maria Torelli, as the principal to whom the promoters of the corporation reported (as well as sole owner of the property), not only intended to transfer ownership to the corporation, but contracted to do so. On March 16, 1989, moreover, the Board of Directors of 42 Shore Road Corp. ratified the prior proposal of the two incorporators (Maria's attorney and accountant) to approve the sale of 42 Shore Road to the corporation. *See* Pl.Ex. 2. It is settled law in New York that a corporation will be bound by a contract made in its name by its promoters prior to the completion of incorporation, provided the corporation subsequently adopts the contract by express ratification, as was the case here. *See, e.g., In re Arbitration between Samuel Reif and Williams Sportswear, Inc.,* 9 N.Y.2d 387, 392, 214 N.Y.S.2d 395, 174 N.E.2d 492 (1961); *Bankers Trust Company of Western New York v. Zecher,* 103 Misc.2d 777, 780, 426 N.Y.S.2d 960 (N.Y.Sup.Ct.1980). The Court therefore concludes that the ratified conveyance of the 42 Shore Road property to the corporation was valid.

■ The Court further concludes, however, that Maria Torelli was and remained sole owner of the corporation's shares. While the stock certificates themselves were left in blank, they were held in trust by the incorporating attorney, who was Maria's agent. Further, the expressly stated consideration for the house was the issuance to Maria Torelli of the shares of 42 Shore Road Co. Pl.Ex. 2.

Although Caesar Torelli testified at trial that the stated intent of Maria Torelli was to transfer the ownership of the corporation to her children, who became the directors, Tr. 82–83, he was unable to provide a convincing rationale for this assertion. Maria, by all accounts, was close-fisted and suspicious when it came to her assets. She kept her substantial cash savings in a locked box in

---

**2.** The Corporation was dissolved by proclamation, on or about April 13, 1988, for failure to pay corporate franchise tax to the State of New York. However, pursuant to the New York Business Corporation Law the assets of a dissolved corporation are held for the benefit of creditors and shareholders, and the life of the corporation is extended in order to allow the corporation to wind up its affairs. N.Y.Bus.Corp.Law §§ 1005, 1006 (McKinney 1986).

her basement, and while she was apparently persuaded to transfer title to her house to a corporation in order to help shield it from potential creditors (one of the alleged purposes), the Court concludes she would have been far more reluctant to relinquish effective ownership of the underlying property to her squabbling progeny. Furthermore, Charles Torelli directly testified that the stated intent of Maria Torelli was to remain the owner of the corporation and thereby of the house. Tr. 375. While Charles Torelli was, as a general matter, no more credible a witness than Caesar Torelli; Charles Torelli's testimony in this regard was more consistent with the written corporate minutes of the meetings of the incorporators and of the Board of Directors, and certainly more consistent with the fact that no corporate shares were ever distributed. Tr. 193–94. On balance, therefore, the Court concludes that Maria Torelli retained ownership of the shares.[3]

■ Since the corporation, although dissolved, remains the lawful owner of the property, *see supra* note 2, it is a necessary party to this action. But since the plaintiffs were never shareholders thereof, they have no right to sue "in the right" of the corporation. The corporation must therefore be realigned as a defendant, thereby, coincidentally, preserving diversity. *Cf., e.g., Smith v. Sperling,* 354 U.S. 91, 97, 77 S.Ct. 1112, 1115, 1 L.Ed.2d 1205 (1957); *Liddy v. Urbanek,* 707 F.2d 1222, 1224 (11th Cir.1983); *Ono,* 884 F.Supp. at 900; *ZB Holdings, Inc., v. White,* 144 F.R.D. 42, 45 (S.D.N.Y.1992).

■ Since, however, the entire ownership of the corporation was the property of Maria Torelli and she died intestate, the relief that plaintiffs here seek—to clear title to the property and arrange for its prompt sale and distribution—is reserved to the Surrogate's Court of the State of New York, which has exclusive jurisdiction over all the affairs of the deceased. *See Matter of Estate of Piccione,* 57 N.Y.2d 278, 288–289, 456 N.Y.S.2d 669, 442 N.E.2d 1180 (1982); *Raymond v. Davis' Estate,* 248 N.Y. 67, 72, 161 N.E. 421 (1928) (Cardozo, J.) (citing *In re*

*Coombs,* 185 A.D. 312, 173 N.Y.S. 58, 60 (2d Dept.1918)); *Estate of Van Dorn,* —— A.D.2d ——, 639 N.Y.S.2d 541, 542 (3d Dept.1996); *Estate of Scott,* 125 Misc.2d 1024, 1025, 480 N.Y.S.2d 1018 (N.Y.Surr.Ct., 1984). But diversity jurisdiction gives this Court only the same subject matter jurisdiction as would be possessed by a trial court of general jurisdiction in the relevant state, in this case the Supreme Court of the State of New York. *Baker v. Coughlin,* 77 F.3d 12, 15 (2d Cir. 1996); *Moodie v. Federal Reserve Bank of New York,* 58 F.3d 879, 884 (2d Cir.1995). While the New York State Supreme Court has concurrent jurisdiction with the Surrogate's Court for certain purposes, these do not include the sale of the property of an estate. More generally, "a federal court has no jurisdiction to probate a will, administer an estate, or entertain any action that would interfere with [a probate court's] control over property in its custody." *Celentano v. Furer,* 602 F.Supp. 777, 779 (S.D.N.Y.1985).

Accordingly, this Court is divested of jurisdiction. *See Moodie,* 58 F.3d at 884.

Clerk to enter judgment.

SO ORDERED.

---

**3.** The only other witnesses who might have shed light on this issue, namely, Maria's lawyer and accountant who set up the corporation, were

reported by counsel for both parties to be, respectively, unlocatable and unavailable.