THE FONDA GROUP, INC., Plaintiff,

v.

Paul LEWISON, Wendy Lewison, and Michael Lewison, Defendants.

No. 2:99–CV–92.

United States District Court,
D. Vermont.

Feb. 1, 2001.

Michael B. Rosenberg, Burak, Anderson & Melloni, PLC, Burlington, VT, for plaintiff.

Donald J. Rendall, Jr., Sheehey, Furlong, Rendall & Behm, Burlington, VT, Jess Thomas Schwidde, Glinka & Schwidde, Rutland, VT, for defendants.

## OPINION AND ORDER

SESSIONS, District Judge.

This contract action arose when the plaintiff, The Fonda Group, Inc. ("Fonda"), sued two entities, Neptune Paper Enterprises, Inc. ("NPE") and Neptune Paper Products, Inc. ("NPP") on a note, security agreement and guaranty issued in connection with NPE's purchase of paper can manufacturing equipment from Fonda. After a bench trial, judgment was entered in favor of Fonda. However, several issues were raised post-judgment. NPE and NPP moved for a stay of the proceedings under 11 U.S.C. § 362(a) and Fonda moved to add Paul, Wendy, and Michael Lewison ("the Lewisons") as defendants. For the reasons set forth below, the motion for the stay is **DENIED;** the judgment of December 18, 2000, is **VACATED;** Fonda is **ORDERED** to file an amended complaint substituting the Lewisons, in lieu of NPE and NPP, as defendants and the Lewisons are **ORDERED** to file an answer by February 12, 2001; and the motion to add defendants is **DENIED** as moot.

## I. Factual Background

Most of the underlying facts to the lawsuit are described in the Court's opinion that it issued after the bench trial, *Fonda Group, Inc. v. Neptune Paper Enters.*, 126 F.Supp.2d 350 (D.Vt.2000), and need not be repeated here. Important to this decision, however, are the following facts:

On August 29, 1997, Michael Lewison, acting on behalf of the supposed corporation, NPE, entered into an agreement with Fonda, which modified and amended an agreement between Fonda and NPP (with Paul Lewison acting as principal) dated April 17, 1997. On neither of these dates was NPP or NPE legally incorporated anywhere. Despite this fact, Paul Lewison and Michael Lewison, as the purported CEOs of NPE and NPP, respectively, collectively executed the two agreements, a promissory note, a security agreement, and a guaranty. Several of these documents, all of which were signed by either Paul or Michael Lewison,[1] inaccurately described NPP and/or NPE as New Jersey corporations.[2]

From June 4, 1998, until March 1, 2000, NPE and NPP were incorporated in Delaware. Despite this fact, on September 5, 1998, Paul Lewison executed a verified complaint against Fonda in a separate action brought in this Court, *Neptune Paper Enters. v. Fonda Group, Inc.*, No. 2:98–CV–309, falsely claiming that NPE was a New Jersey corporation.

On March 29, 1999, Fonda filed its complaint in the instant action. In it, Fonda alleged that it was a Delaware corporation registered with the Vermont Secretary of State to do business in the state of Vermont. Compl. at ¶ 1 (Paper 1). It further alleged that NPE and NPP were New Jersey corporations with their principal places of business in New Jersey. *Id.* at ¶¶ 2–3. Finally, it alleged that this Court had diversity jurisdiction, as the dispute

---

1. The promissory note was also signed by Wendy Lewison as an attesting witness.

2. Long before any of the transactions that gave rise to this litigation took place, NPP had been incorporated in New Jersey from December 30, 1985, until July 30, 1993, when it was voided by proclamation. *See* Pl.'s Mot. to Add Add'l Defs., Ex. 3 (Paper 60) [hereafter, "Mot. to Add Defs."]. NPE, on the other hand, has never, to this Court's knowledge, been incorporated in New Jersey.

352

was between citizens of different states. *Id.* at ¶ 4.

In NPE and NPP's answer to Fonda's complaint, NPE and NPP "admitted" that they were Delaware corporations with their principal places of business in New Jersey. Defs.' Answer to Pl.'s Compl. at ¶¶ 2–3 (Paper 6). However, they also "admitted" that the Court had jurisdiction under the diversity statute. *See id.* at ¶ 4. Furthermore, they never moved to dismiss the case, as would normally be done where there is supposedly no basis for federal jurisdiction.

On August 25, 2000 (after NPE and NPP were voided as Delaware corporations for nonpayment of taxes), NPE and NPP filed an amended answer in which they (this time ·falsely) "admitted" that they were Delaware corporations. Defs.' Am. Answer to Pl.'s Compl. at ¶¶ 2–3 (Paper 44).

The Court conducted a bench trial on November 28, 2000, after which judgment was entered against NPE and NPP in the amount of $221,636, plus reasonable costs and attorneys' fees. None of the Lewisons was present at the trial.

On December 5, 2000, Fonda moved to amend the complaint to add the Lewisons as defendants, asserting that NPE and NPP had "no legal existence" when the

contracts were executed and that the Lewisons had purported to act on behalf of the nonexistent corporations and should therefore be personally liable for the judgment. *See* Mot. to Add Defs. at 1, 4–5.

On December 22, 2000, counsel for NPE and NPP notified the Court that at the time that the original complaint was filed, both NPE and NPP were citizens of Delaware and suggested that, therefore, there was no diversity of citizenship and the Court never had jurisdiction over the case.

The Court scheduled a hearing to address all of these matters. One day before the hearing was to take place, NPE and NPP filed for bankruptcy in New Jersey and filed a motion to stay the proceedings in this Court. The Court went forward with the scheduled hearing, addressing the motion for the stay first.

## II. Discussion

### A. The Motion for the Stay

Section 362 of the Bankruptcy Code provides for an automatic stay of litigation against a bankrupt debtor. 11 U.S.C. § 362(a)(1).[3] "It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass nonbankrupt co-defendants."[4] *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) (declining to ex-

---

3. 11 U.S.C. § 362(a)(1) reads, in relevant part:

> a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ....

4. A non-debtor may be able to claim the protection of a debtor's stay in "unusual circumstances." *See Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y.1999) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.1986); *In re United Health Care Org.*, 210 B.R. 228 (S.D.N.Y.1997); *In re North Star Contracting*

*Corp.*, 125 B.R. 368, 370–71 (S.D.N.Y.1991)). However, the "extension of a stay to a nondebtor only 'arises when there is such identity between the debtor and [non-debtor] that the debtor may be said to be the real party defendant and that a judgment against the [non-debtor] will in effect be a judgment ... against the debtor,'" *Gray*, 230 B.R. at 242 (citing *A.H. Robins*, 788 F.2d at 999) (alterations in the original), such as where the nondebtor is "entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *A.H. Robins*, 788 F.2d at 999. Since there is no assertion that a judgment against the Lewisons would in effect be a judgment against NPE and NPP, this exception does not apply to the case at bar and the motion for the stay must be denied.

tend stay against debtor partnership to its co-defendants who were non-debtor individual partners). "Applying [*Teachers Insurance*], courts in this circuit regularly refuse to extend a debtor corporation's § 362 stay to its non-debtor officers and principals." *Gray*, 230 B.R. at 242; *see also, e.g., Variable–Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F.Supp. 603 (S.D.N.Y.1996) (refusing to extend stay to non-debtor principal who, under state law, was debtor corporation's "alter ego"); *E.I. Du Pont De Nemours & Co. v. Fine Arts Reprod. Co.*, No. 93 Civ. 2462(KMW) 1995 WL 312505, at *5 (S.D.N.Y. May 22, 1995).

Given that the Lewisons have continually represented to Fonda that NPE and NPP were New Jersey corporations at crucial times during the transactions underlying this litigation,[5] and most significantly perhaps, when they were not corporations at all, they cannot now allege that NPE and NPP, as *Delaware* corporations, have filed for bankruptcy and are thus, at least temporarily, immune from this lawsuit. Further, given the Court's ruling below, substituting the Lewisons as the real defendants in interest, the status of NPE and NPP as New Jersey or Delaware corporations is irrelevant. None of the Lewisons, as far as the Court is aware, have filed for bankruptcy protection, and the fact that their phony corporations are now involved in bankruptcy proceedings is immaterial.

## B. The Motion to Add Additional Defendants

■ Under Federal Rule of Civil Procedure 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Because the Lewisons purported to act as officers for the "nonexistent New Jersey entities," NPE and NPP, for several years, Mot. to Add Defs. at 4, they can be held personally liable for the obligations they incurred in the names of those entities.[6]

■ Under New York law, which the parties agree govern this dispute, an individual who purports to act for a nonexistent corporation[7] is personally responsible

5. The fact that embedded in NPE and NPP's answer was an "admission" that NPE and NPP were Delaware corporations does not save the Lewisons from taking responsibility for their repeated and seemingly deliberate misrepresentations.

6. Because there is so far no evidence that Wendy Lewison signed any of the contracts at issue in this case, it is not clear whether she can be held personally liable under the theory set forth below. She was, however, an officer of the corporation at relevant times during the transactions underlying this lawsuit, and has made representations on behalf of NPE and NPP at various times during the litigation. Thus, while the Court has ordered Fonda to amend its complaint to substitute Ms. Lewison as a defendant, it leaves open the question of whether she ultimately can be held liable on any of the contracts at issue here.

7. Counsel for NPE and NPP have argued that even though NPE and NPP were not de jure New Jersey corporations, they should be considered de facto corporations. *See* Defs NPE & NPP's Opp. To Pl.'s Mot. to Add. Add'l Defs. at 1–3 (Paper 68) [hereafter, "NPE & NPP's Opp. To Adding Defs."]. According to counsel for NPE and NPP, "[i]n order to establish the existence of a de facto corporation it is necessary to show that there is a law under which the corporation might be organized, an attempt to organize the corporation, and an exercise or corporate powers thereafter." *Id.* (citing *Bankers Trust Co. of Western N.Y. v. Zecher*, 103 Misc.2d 777, 426 N.Y.S.2d 960 (1980)). "[W]here there has been an attempt in good faith to comply with the requirements of the law with respect to filing a certificate of incorporation and a certificate has been filed in one or more of the places required by law, and there has been user [sic] of the corporate name, the corporation will be deemed a corporation de facto." *Bankers Trust*, 426 N.Y.S.2d at 962 (quoting *Stevens v. Episcopal Church History Co.*, 140 A.D. 570, 125 N.Y.S. 573, 579 (1910)), *quoted in* NPE & NPP's Opp. To Adding Defs. at 2. Since the Court finds that there has been no evidence whatsoever that the Lewisons made a good faith attempt to comply with the requirements of the incorporation law, NPE and NPP cannot be deemed de facto corporations.

for the obligations it incurs thereby. *See Brandes Meat Corp. v. Cromer,* 146 A.D.2d 666, 667, 537 N.Y.S.2d 177 (N.Y.App.Div.1989). Such liability is based upon the principle that one who assumes to act for a nonexistent principal is himself liable on the contract. *See, e.g., Maiden v. Biehl,* 582 F.Supp. 1209, 1213 (S.D.N.Y.1984) (applying New York law).

The Court finds that it would be unjust to add the Lewisons as defendants to this action wherein judgment has already been entered, as they would thus be liable for the full amount of the judgment without ever having had the opportunity to defend against the charges. Therefore, instead of simply adding the Lewisons as defendants, as Fonda has requested, the Court vacates its judgment filed on December 18, 2000, and orders Fonda to file an amended complaint substituting the Lewisons in lieu of NPE and NPP as defendants by January 16, 2001.[8] The Lewisons will then have February 12, 2001, to file an answer, and the parties will then proceed with discovery, and ultimately, if necessary, a new trial.

### III. Conclusion

Wherefore, the Court rules as follows:

The motion for the stay is **DENIED;** the judgment of December 18, 2000, is **VACATED;** the parties are **ORDERED** to file pleadings consistent with this order; and Fonda's motion to add the Lewisons as defendants is **DENIED** as moot.

---

8. Fonda already has, in compliance with the Court's oral ruling of February 12, 2001, timely filed its amended complaint.