# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00442-SCT

*WEST IMPLEMENT COMPANY, INC.*

*v.*

*FIRST SOUTH PRODUCTION CREDIT ASSOCIATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/14/2001 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH, JR. |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BENJAMIN E. GRIFFITH |
| ATTORNEY FOR APPELLEE: | CHARLES S. TINDALL, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 4/25/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/16/2002 |

**BEFORE SMITH, P.J., DIAZ AND EASLEY, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. On January 10, 2000, First South Production Credit Association (FSPCA) filed suit against West Implement Company, Inc. (West) in the Circuit Court of the Second Judicial District of Bolivar County. FSPCA alleged that West converted a John Deere combine in which FSPCA held a valid and perfected security interest.

¶2. On July 10, 2000, FSPCA filed a motion for summary judgment. On February 14, 2001, the trial court granted the motion and entered a judgment in the amount of $60,000 against West. West now appeals citing the following issue:

> **1. Whether the trial court erred in finding that FSPCA's financing statement sufficiently identified the John Deere combine as collateral and sufficiently identified the debtor as Mouton Farms.**

## FACTS

¶3. On February 2, 1998, FSPCA made a loan in the amount of $750,000 to Mouton Farms Partnership. The partnership is composed of Napanee Planting Company, Inc., Benoit Planting Company, Inc., and the Virginia Amy Mouton Marital Trust. The security agreement for the loan granted FSPCA a security interest in Mouton Farms' equipment, among other things. The equipment list attached to the security agreement

specifically lists a model 9600 John Deere Combine. FSPCA filed a financing statement with the Bolivar County Chancery Clerk's office on January 10, 1997, and with the Mississippi Secretary of State on January 14, 1997.

¶4. In February 1998, West took the John Deere combine from Mouton Farms as a trade-in on a new combine. West relied on the oral statements of the Mouton Farms representative that there were no existing liens on the combine. West conducted no further research to verify this assertion, despite the fact that the Mouton Farms representative provided West with an address and tax identification number for Mouton Farms.

¶5. In its order granting summary judgment, the trial court found that there were no material disputed facts, but that the parties did disagree as to the legal sufficiency of the description of the collateral and the legal sufficiency of the identification of the debtor in FSPCA's financing statement. The trial court found this to be an issue of law, not of fact. The trial court then made an analysis of the law pertaining to that issue and granted summary judgment in favor of FSPCA.

## DISCUSSION

**1. Whether the trial court erred in finding that FSPCA's financing statement sufficiently identified the John Deere combine as collateral and sufficiently identified the debtor as Mouton Farms.**

¶6. West argues that the trial court "misapprehended its function as a trier of fact" in granting the motion for summary judgment and did not view the case in the light most favorable to the non-moving party as required by Miss. R. Civ. P. 56(c). In support of its argument that the legal sufficiency of the identification of the collateral or the debtor in a financing statement is a question of fact, West cites *In re Strickland*, 94 B.R. 898, 902 (Bankr. N.D. Miss. 1988)(holding that "[t]he determination of whether an error in a financing statement is seriously misleading must turn on the facts of the particular case"). Unlike West, we interpret *Strickland* as holding that whether there is an error in a financing statement is a question of law, and whether that error is seriously misleading is a question of fact. As such, the trial court was within its authority to determine, as a matter of law, whether there was an error in the financing statement. We must now determine whether the trial court was correct in its finding that there was no error in the financing statement and, consequently, no question of fact.

¶7. Miss. Code Ann. § 75-9-402(1) (1972) provides in pertinent part:

A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types, or describing the items, of collateral....

*A. Description of Collateral*

¶8. The purpose of the filing system under Article 9 of the Uniform Commercial Code is to provide notice to potential creditors of preexisting liens. *In re Turnage*, 493 F.2d 505, 506 (5th Cir. 1974); *In re King-Porter Co.*, 446 F.2d 722, 729 (5th Cir. 1971); U.C.C. § 9-402 Off. Cmt.2. Under the Article 9 system, "[w]hat is required to be filed is not, as under chattel mortgage and conditional sales act, the security agreement itself, but only a simple notice which may be filed before the security interest attaches or

thereafter." *Id.*

¶9. Many courts have been faced with this question of whether the description of the collateral in a financing statement is sufficient. In one such case, a bankruptcy trustee sought priority over a secured creditor for certain collateral described as "machinery and equipment" in the financing statement because the financing statement indicated that a security agreement was attached when it was not. The court held that the description, "equipment and machinery" was sufficient, even without the security agreement *In re Tebbs Constr. Co.*, 39 B.R. 742, 747 (Bkrtcy. E.D. Va. 1984).

¶10. One court has found the description, "consumer goods" located at a particular address, a sufficient description to put a subsequent searcher on notice of a possible preexisting security interest. *In re Turnage*, 493 F.2d at 506. In *Elf Atochem N. Am., Inc. v. CELCO, Inc.*, 927 P.2d 355 (Ariz. Ct. App.1990), the court held that the term "equipment" is defined as a sub-category of goods and is a "type" of collateral as is required to be provided in a financing statement under § 402. *Id.* at 355. *See also In re Sarex Corp.*, 509 F.2d 689, 691 (2d Cir. 1975; *Drysdale v. Cornerstone Bank*, 562 S.W.2d 182 (Mo. Ct. App. 1978); *Bankers Trust Co. v. Zecher*, 426 N.Y.S.2d 960 (N.Y. Sup. Ct. 1980). In *Gulf Forge Co. v. Ellwood Quality Steels Co.*, 202 B.R. 238, 241 (S.D. Tex. 1996), the court held that although it is preferable to use § 109 classifications of collateral, it was acceptable to use the broad term "goods."

¶11. Here, there was no error in the financing statement concerning the description of the collateral. The terms "equipment and machinery" should put a searcher on notice that a 9600 model John Deere combine may be included in the secured interest property. As such, there is no question of fact as to whether an error was misleading, as there was no error. Therefore, we affirm the trial court's grant of summary judgment against West.

### B. Identification of Debtor

¶12. West next argues that, if it had made a search, it would not have found FSPCA's security interest in the combine because FSPCA filed its lien under the wrong name of the debtor. West claims that FSPCA should have identified the debtor under "Mouton Farms d/b/a Mouton Farms Partnership" instead of "Mouton Farms Partnership."

¶13. Again, Miss. Code Ann. § 75-9-402 provides in part:

(1) A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types, or describing the items, of collateral. ...

* * * *

(7) A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners. ...

(8) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

¶14. Here, FSPCA did supply the partnership name of the debtor as required by statute. Thus, there is no error in the financing statement regarding the identification of the debtor. Even more support for the trial court's grant of summary judgment is found in *Strickland*. There, the court was presented with the opposite issue of whether the use of the debtor's trade name in the financing statement, Strickland Builders Mfg. Company and Strickland Builders and Supply Company, rather than the debtor's correct legal name, James Terence Strickland, rendered the financing statements seriously misleading. In deciding that the error was not seriously misleading, the court found that "[i]f the debtors' trade name is sufficiently similar to its real or corporate name and therefore not seriously misleading, then perfection of the creditor's security interest should remain intact. 94 B.R. at 900 (citing *In re Hammons*, 438 F. Supp. 1143 (S.D. Miss. 1977), *rev'd on other grounds*, 614 F.2d 399 (5th Cir. 1980)).

¶15. Clearly, the statute required FSPCA to use the debtor's partnership name. Furthermore, even when filers do not use the individual, partnership or corporate name of the debtor, but instead err and use the trade name of the debtor, that error is not fatal to perfection of the security interest if the names are sufficiently similar. Although inconsequential in light of the fact that FSPCA correctly identified the debtor, it is interesting to note that the alleged trade name of the debtor, "Mouton Farms," could not be any more similar to the partnership name of the debtor, "Mouton Farms Partnership."

¶16. West also claims that the entity West allowed to trade-in the subject combine is called "Mouton Farms" and has a different tax identification number than "Mouton Farms Partnership." Because West has provided no evidence of this other number, we will disregard this argument.

¶17. FSPCA did not err in filing its security interest under the debtor's partnership name, as is required by statute. Consequently, we affirm the trial court's grant of summary judgment in favor of FSPCA.

### CONCLUSION

¶18. There was no error in the financing statement's description of the collateral as "equipment and machinery" or its identification of the debtor as "Mouton Farms Partnership." Therefore, the trial court's judgment is affirmed.

¶19. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY.**